# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**REGINAL M. CLYTUS,**
                    **Petitioner,**

    **v.**                                              **Case No. 10cv696**

**WILLIAM J. POLLARD,**
                    **Respondent.**

---

## ORDER

Petitioner Reginal M. Clytus filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court sentence was imposed in violation of the Constitution. Petitioner pled guilty in Milwaukee County Circuit Court of first degree reckless homicide and armed robbery with the use of force as party to a crime. On the homicide charge, the circuit court sentenced petitioner to thirty five years of imprisonment, with twenty five years initial confinement followed by ten years of extended supervision. On the armed robbery charge, it sentenced him to a concurrent sentence of nine years imprisonment, with an initial confinement of five years followed by four years of extended supervision.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims that the sentencing court violated his due process and equal protection rights by failing to adequately articulate the basis for the sentence it imposed and by failing to provide an explanation for the disparity between his and his co-defendant's sentences.  Petitioner has a federal due process right to be sentenced on the basis of accurate information. <u>U.S. v. Tucker</u>, 404 U.S. 443, 447 (1972).  Because it does not plainly appear from the face of the petition that petitioner is not entitled to relief, I will not dismiss his petition and order the respondent to file an answer.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer,  this briefing schedule will be suspended and the briefing schedule will be as

follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent William Pollard and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 30 day of September, 2010.


/s_____
LYNN ADELMAN
District Judge